UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | CIVIL NO.: 3:17-cv-1922 (JCH) |
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HOUSING AUTHORITY OF THE CITY | : | |
| OF BRIDGEPORT, d/b/a PARK CITY | : | |
| COMMUNITIES | : | |
| Defendant | : | FEBRUARY 15, 2018 |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, The Housing Authority of the City of Bridgeport, d/b/a Park City Communities, by and through its attorneys, respectfully submit its Answer and Affirmative Defenses to the Complaint filed by The United States of America in the above-captioned matter. Defendant denies each and every allegation asserted in the Complaint unless specifically admitted herein.

## ANSWER

1.      As to the allegations in Paragraph No. 1, the Defendant admits that the complaint purports to allege claims under the cited statutes, but denies that the Defendant violated any of the cited statutes.

## AS TO "JURISDICTION AND VENUE"

2.      As to the allegations in Paragraph No. 2, Defendant does not contest the Court's jurisdiction or the venue in the United States District Court for the District of Connecticut.

1

## AS TO "DEFENDANT"

3.      Defendant denies the allegations of Paragraph 3, except admits that it is a public housing agency located at 150 Highland Avenue in Bridgeport, CT, that it receives federal funding from the United States Department of Housing and Urban Development and that it owns and manages public housing units and administers housing choice vouchers.

4.      Defendant admits that portion of Paragraph 4 which alleges that it receives federal funding.  As to remaining allegations, Defendant neither admits nor denies the allegations insofar as they state legal conclusions to which no response is required.

5.      Defendant admits that portion of Paragraph 5 which alleges that it is a public entity.  As to the remaining allegations, Defendant neither admits nor denies the allegations insofar as they state legal conclusions.

6.      Defendant neither admits nor denies the allegations of Paragraph 6 insofar as they state legal conclusions.

## AS TO "FACTUAL ALLEGATIONS"

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7, and therefore leaves Plaintiff to its proof.

8.      Defendant admits that it entered into a Voluntary Compliance Agreement on or about July 27, 2006 and refers to the Voluntary Compliance Agreement for the contents thereof.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence of Paragraph 9, and

therefore leaves Plaintiff to its proof.   As to the allegations of the second sentence of Paragraph 9, Defendant admits that it entered into a Conciliation Agreement and Voluntary Compliance Agreement in or around September, 2015 pertaining to certain claims which were pending at HUD.  As to the remaining allegations of Paragraph 9, Defendant admits that it was named as a Defendant in the case captioned as United States v. Park City Communities, et al. 3:16-cv-1851 (JCH), but denies that the case remains pending.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10, and therefore leaves Plaintiff to its proof.

11.     Defendant admits that HUD issued a letter to HACB dated January 22, 2016 with the subject line of "Housing Authority of the City of Bridgeport d/b/a Park City Communities Non-Compliance with Voluntary Compliance Agreement" and refers to the letter for the contents thereof.

12.     Defendant admits that HUD issued a letter to HACB dated June 20, 2016 with the subject line of "Letter of Findings" and refers to the letter for the content thereof.

13.     Defendant admits the first sentence of Paragraph 13 and the allegation that HUD issued a letter to HACB dated August 16, 2016 with the subject line of "Letter of Determination." As to the remaining allegations, Defendant refers to the letter for the contents thereof.

14.     Defendant admits that HUD issued a letter to HACB dated April 14, 2017 with the subject line of "Supplement to Letter of Findings Regarding Harm to Residents with Disabilities" and refers to the letter for the contents thereof.

15.     Defendant admits that it wrote a letter to HUD dated May 15, 2017 with the subject line of "Compliance Review of the Housing Authority of the City of Bridgeport" and refers to the letter for the contents thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 15, and therefore leaves Plaintiff to its proof.

16.     Defendant admits that HUD issued a letter to HACB dated June 19, 2017 with the subject line of "Letter of Determination on Supplement to Letter of Findings" and refers to the letter for the contents thereof.

17.     Defendant denies the allegations of Paragraph 17.

18.     Defendant denies the allegations of Paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19, and therefore leaves Plaintiff to its proof.

20.     Defendant denies the allegations of Paragraph 20.

21.     Defendant denies the allegations of Paragraph 21.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22, and therefore leaves Plaintiff to its proof.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence of Paragraph 23, and therefore leaves Plaintiff to its proof. Defendant denies the allegations contained in the second sentence of Paragraph 23.

24.     Defendant neither admits nor denies the allegations of the first sentence of Paragraph 24 insofar as it alleges legal conclusions.  As to the second sentence of Paragraph 24, Defendant, upon information and belief, admits that HACB conducted a needs assessment in 2007. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations and therefore leaves Plaintiff to its proof.

25.     Defendant admits that it submitted a report to HUD on or about April 15, 2016 and refers to the report for the contents thereof.

26.     Defendant denies the allegations of Paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27, and therefore leaves Plaintiff to its proof

28.     Defendant admits that portion of Paragraph 28 which alleges that the parties have attempted to resolve their differences and that their efforts to date have not been successful.

29.     Defendant admits the allegations of Paragraph 29, upon information and belief.

**CLAIM FOR RELIEF**

**COUNT I (SECTION 504)**

30.     Defendant incorporates its responses to Paragraphs 1-29 above, as if set forth fully herein.

31.     Defendant denies the allegations of Paragraph 31.

32.     Defendant denies the allegations of Paragraph 32.

33.     Defendant denies the allegations of Paragraph 33.

34.     Defendant denies the allegations of Paragraph 34.

35.     Defendant denies the allegations of Paragraph 35.

## COUNT II (TITLE II OF THE ADA)

36.      Defendant incorporates its responses to Paragraphs 1-29 above, as if set forth fully herein.

37.     Defendant denies the allegations of Paragraph 37.

38.     Defendant denies the allegations of Paragraph 38.

39.     Defendant denies the allegations of Paragraph 39.

40.     Defendant denies the allegations of Paragraph 40.

## COUNT III (FAIR HOUSING ACT)

41.      Defendant incorporates its responses to Paragraphs 1-29 above, as if set forth fully herein.

42.     Defendant denies the allegations of Paragraph 42.

43.     Defendant denies the allegations of Paragraph 43.

44.     Defendant denies the allegations of Paragraph 44.

40.     Defendant denies the allegations of Paragraph 45.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the judgment and relief sought.

## AFFIRMATIVE DEFENSES[1]

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted as a matter of fact and/or law.

DEFENDANT,
PARK CITY COMMUNITIES,
FORMERLY THE BRIDGEPORT
HOUSING AUTHORITY,

By:     */s/ Jennifer L. Schancupp*
Jennifer L. Schancupp (ct11876)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel.: (860) 522-0404
Fax: (860) 247-1330
schancuj@jacksonlewis.com

---

[1] Defendant reserves the right to amend its answer, to add additional or other affirmative defenses, to delete or withdraw defenses, and to add other claims as may become necessary after reasonable opportunity for appropriate discovery.

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on this 15th day of February, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

*/s/ Jennifer L. Schancupp*
Jennifer L. Schancupp